**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Hector Raul Ortiz-Tarazon, Sr.,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-16-0073-PHX-JAT (JFM)<br>CR-12-0877-PHX-JAT<br><br>**Report & Recommendation<br>on Motion to Vacate, Set Aside or<br>Correct Sentence** |

### I.    MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 11, 2016 (Doc. 1). On June 17, 2016 Respondent filed its Response (Doc. 6). Movant filed a Reply on July 8, 2016 (Doc. 7).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.    FACTUAL BACKGROUND

According to the statement of factual basis in Movant's written Plea Agreement, between December 1, 2008, and May 21, 2012, Movant and his son Hector Francisco Ortiz, Jr. (hereafter, "HJR") ran a drug trafficking organization (DTO) that shipped marijuana to the Midwest and east coast. They received cash and money orders from marijuana customers as payment for the marijuana. Movant and HJR also discussed trading vehicles and weapons for drugs, including volumes and exchange rates.

1

Movant and HJR entered into agreements with a Confidential Source (CS) to launder the DTO's drug trafficking proceeds, exchanging blank money orders (drug proceeds) for the DTO in exchange for cash.

HJR possessed a gun during these money exchanges with the CS to protect the drug proceeds in furtherance of the defendants' drug trafficking activities. Moreover, Movant told the CS that HJR was in possession of at least 200 guns and armor piercing bullets. Movant knew HJR possessed firearms to protect marijuana stored at HJR's house in furtherance of the defendants' drug trafficking activities.

In April, 2012, Movant met a marijuana load vehicle driven by a co-defendant. The load vehicle was intercepted in a traffic stop and contained 95 pounds of marijuana.

In May, 2012, law enforcement executed search and seizure warrants at numerous locations, including at the residences of Movant and HJR. At Movant's house they found numerous weapons and ammunition throughout the residence, marijuana wrapping material, and brass knuckles in one of HSR's vehicles. A search of HJR's house found numerous weapons and ammunition, 132 pounds of marijuana, including a boxed up bale of marijuana in a vehicle with a pistol in the glove box, which was the one described by Movant to the CS. Other related search warrants yielded additional weapons, and blank money orders. Movant and others had purchased packaging and wrapping materials to conceal the marijuana and mask the odor so the marijuana could be transported discreetly to customers in other states, airline flights, car rentals, hotels, cellular telephones and other expenses in order to facilitate drug transactions, the transportation of marijuana and marijuana proceeds. (Exhibit A, Plea Agreement at 10-18.) (Exhibits to the Response, Doc. 6, are referenced herein as "Exhibit ___.")

**B.    PROCEEDINGS AT TRIAL**

On April 26, 2012, Movant was indicted, in an Indictment naming nine co-defendants, on seven counts, including:

1. one count of conspiracy to possess marijuana with intent to distribute (Count

2

1);
2. three counts of possession of marijuana with intent to distribute, under 21 U.S.C. § 841(b)(1)(D)  (Counts 2, 6, and 9);
3. one count of possession of marijuana with intent to distribute, under 21 U.S.C. § 841(b)(1)(C) (Count 8);
4. one count of conspiracy to commit money laundering (Count 10); and
5. one count of promotion and concealment of money laundering (Count 25).

(Indictment, CR Doc. 3.)  (Filings in the underlying criminal case, CR-12-0877-PHX-JAT, are referenced herein as "CR Doc. ___".)  The Indictment also sought a money judgment of $1 million, and forfeiture of a home, and 10 vehicles. (*Id.* at 14, *et seq.*)

Movant was appointed counsel, but eventually moved to substitute retained counsel Fischer.  (CR Doc. 109, Motion; CR Doc. 114, Order 8/8/12.)

Though originally set for December 4, 2012, the case was eventually designated a complex case, and on October 21, 2012, was set for trial on January 14, 2014.  (CR Doc. 146, M.E. 10/31/12.)

On April 9, 2013, a First Superseding Indictment was issued, charging Movant with fifteen counts, consisting of the original seven and the following eight new counts:
1. four counts of possession of marijuana with intent to distribute, under 21 U.S.C. § 841(b)(1)(D)  (Counts 3, 4, 5, and 7);
2. one count of promotion and concealment of money laundering (Count 29);
3. two counts that Movant "did use, carry, and possess a firearm" in committing a drug trafficking crime (Counts 26 and 28); and
4. one count of possession of marijuana with intent to distribute, under 21 U.S.C. § 841(b)(1)(C) (Count 27).

(1st Superseding Indictment, CR Doc. 201.)

On June 26, 2013, attorney Morgan entered an appearance as counsel for Movant in association with attorney Fischer.  (CR Doc. 277.)

Counsel filed motions to sever (CR Doc. 315) and to suppress wiretaps (CR Doc.

3

317). As a result of Movant's eventual guilty plea, no ruling on these motions was made.

On November 19, 2013, a Second Superseding Indictment was issued, seeking forfeiture of additional assets, including some 43 sets of firearms and related accessories and ammunition. (2nd Superseding Indictment, CR Doc. 396.)

On December 13, 2013, Movant entered into a written Plea Agreement (Exhibit A), in which he agreed to plead guilty to

1. one count of conspiracy to possess marijuana with intent to distribute (Count 1);
2. one count of conspiracy to commit money laundering (Count 10); and
3. one count of use of a firearm in committing a drug trafficking crime (Count 26).

(*Id.* at 1.) In addition, Movant agreed to the forfeiture of some $212,000, and various weapons and vehicles. (*Id.* at 5-9.) In exchange, the Government made a conditional agreement to recommend a reduction in sentencing for acceptance of responsibility. (*Id.* at 3.) In addition, the remaining counts would be dismissed. (*Id.*) The Plea Agreement included, among others, the following express waiver:

> The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(*Id.* at 4.)

On December 13, 2013, Movant appeared before Magistrate Judge Logan and entered a plea of guilty pursuant to the Plea Agreement. (CR Doc. 529, M.E. 12/13/13.)

4

On January 6, 2014, the recommendation to accept the plea was accepted and sentencing set. (CR Doc. 558, Order 1/6/14.)

Movant filed Objections (CR Doc. 658) to the pre-sentence investigation, which were overruled, and after a number of continuances, on June 11, 2014, Movant was sentenced to concurrent terms of 120 months on Counts 1 and 10, and a consecutive term of 60 months on Count 26, for an effective 15 year sentence. (CR Doc. 708, M.E. 6/11/14; CR Doc. 721, Judgment.)

### C.   PROCEEDINGS ON DIRECT APPEAL

Movant file a Notice of Appeal (CR Doc. 738) and appellate counsel was appointed (CR Doc. 822, Order 10/15/14). Counsel found no issue for review, and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Movant filed a *pro se* supplemental brief. The Ninth Circuit concluded that Movant made a valid waiver of his right to appeal his conviction and sentence, and dismissed the appeal. (CR Doc. 907, Mem. Dec. at 1-2. Also attached to Respondent's Supplemental Answer, Doc. 10 at Exhibit B.)

### D.   PROCEEDINGS ON PRESENT MOTION TO VACATE

**Motion to Vacate** – Movant commenced the current case by filing his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 11, 2016 (Doc. 1). Movant's Motion asserts the following four grounds for relief:

> In **Ground One**, he alleges that he received the **ineffective assistance of counsel during plea negotiations** when counsel failed to object to the Court's Rule 11(b)(1) and (3) acceptance of Movant's guilty plea to the § 924(c) offense absent any factual basis. In **Ground Two**, Movant alleges that counsel rendered **ineffective assistance by failing to object to his sentence** on the § 924(c) count absent any factual basis. In **Ground Three**, Movant alleges that **appellate counsel rendered ineffective assistance** of counsel by failing to raise the Court's violation of Rule 11(B)(1) and (3) by accepting Movant's guilty plea to the § 924(c) charge. In **Ground Four**, Movant alleges that counsel rendered **ineffective assistance by failing advise Movant not to plead guilty** to the § 924(c) charge.

5

(Order 2/19/16, Doc. 3 (emphasis added).)

**Response** - On June 17, 2016 Respondent filed its Response ("Answer") (Doc. 6). Respondent argues that Movant's claims are procedurally defaulted, waived by Movant's plea and Plea Agreement, and are without merit.

**Reply** - On July 8, 2016 Movant filed a Reply (Doc. 7). Movant argues that the indictment was defective, his waiver was unenforceable, the Court violated Rule 11, and he has not procedurally defaulted on his claims.

**Supplemental Response** – On August 3, 2016, the Court noted that the Response did not raise a claim of procedural default, and that Respondent had not had an opportunity to be heard on Movant's assertion that trial counsel had a conflict of interest in negotiating the plea agreement and associated waiver because it waived claims of counsel's own ineffectiveness.

On August 24, 2016, Respondent filed its Supplemental Response (Doc. 10), arguing: (1) Movant's waiver did not bar him from raising claims of ineffective assistance, and Respondent so concedes; (2 and 3) the waiver of claims of ineffective assistance was not deficient performance under prevailing standards at the time; and (4) any conflict was merely theoretical. Respondent argues in a footnote that direct claims of ineffective assistance are procedurally defaulted because not raised on appeal, and claims directly based on the absence of a factual basis were addressed on appeal and are not reviewable in this court.

**Supplemental Reply** – On September 19, 2016, Movant filed his Supplemental Reply (Doc. 11). Movant argues: (1) Respondent has conceded he has the right to bring the instant motion, requiring consideration of his claims of ineffective assistance under *Strickland*; (2) the Ninth Circuit did not address on the merits his claim on the absence of a factual basis, and thus the issue remains reviewable; (3) Respondent fails to address the merits of the factual basis claim.

/ /

/ /

### III.  APPLICATION OF LAW TO FACTS
#### A.  PROCEDURAL DEFAULT

Respondent argues that Movant has procedurally defaulted "several sub-claims under each 'Ground' for relief," and that such "sub-claims are procedurally defaulted because he could have raised them on direct appeal." (Response, Doc. 6 at 6 and n.3.)

The Court has neither discerned such sub-claims, nor directed a response to them. Rather, the Court has only discerned and directed responses to claims of ineffective assistance of trial and appellate counsel. (Order 2/19/16, Doc. 3.)

Similarly, Movant's Traverse makes clear that the only claims he intends to bring are claims of ineffective assistance of counsel. (Travers, Doc. 7 at 8.)

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).

However, in a federal prosecution, claims of ineffective assistance of counsel need not be exhausted on direct appeal, but are properly brought in the first instance in a Motion pursuant to 28 U.S.C. sec. 2255. "We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro*, 538 U.S. at 509.

Because each of Movant's claims are based upon ineffective assistance of counsel, they are not procedurally defaulted.

#### B.  RES JUDICATA/LAW OF THE CASE

Respondent argues: "to the extent Defendant's ineffective assistance claim is actually an attempt to obtain a ruling in his favor on the substantive issue that the lower

7

court violated Rule 11 by failing to establish a factual basis for Defendant's guilty plea to the § 924(c) offense, the Ninth Circuit has already considered this claim and ruled against Defendant on the merits." (Supp. Resp., Doc. 10 at 3, n.1.)

Ordinarily, the doctrines of res judicata and collateral estoppel do not apply to habeas corpus proceedings. *Sanders v. U.S.*, 373 U.S. 1, 8 (1963). However, the law of the case doctrine is applicable on federal habeas review. *Shore v. Warden*, 942 F.2d 1117, 1123 (7th Cir. 1991). "The law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." *U.S. v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984). Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim. *Caterino*, 29 F.3d at 1395. Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255." *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

Movant argued to the Ninth Circuit that his waiver was invalid because the plea colloquy was a violation of Rule 11 due to the trial court's failure to establish a factual basis for the plea on the use of a firearm under 18 U.S.C. § 924(c). (Supp. Resp., Doc. 10, Exhibit A, Supp. Opening Brief at 3-4.) In resolving Movant's direct appeal, the Ninth Circuit opined:

> Ortiz-Tarazon has waived his right to appeal his conviction and sentence. Because the record discloses no arguable issue as to the validity of the appeal waiver, we dismiss the appeal. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).

(CR Doc. 907, Mem. Dec. at 2.)

Movant now argues in his Supplemental Reply that the issue of a factual basis was not reached in the Ninth Circuit's decision because they relied upon the waiver. (Supp. Reply, Doc. 11 at 4.) However, the longstanding law of the Ninth Circuit is that a waiver is invalid if Rule 11 is not complied with. "An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge

8

informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). As argued by Movant, Rule 11(b)(3) requires a factual basis. Thus, the waiver could be enforced only if there was a sufficient factual basis to support the charge.

In light of Movant's explicit argument to the Ninth Circuit that Rule 11's factual basis requirement had not been met, the finding that there was no arguable issue as to the validity of the waiver was an implicit rejection of the Rule 11 argument. "[T]he law of the case would preclude the district court from reconsidering only issues decided explicitly or by necessary implication in this court's previous disposition." *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982). "The decision of an issue need not be express to establish the law of the case. Implicit decision suffices, and a terse decision is even more clearly the law of the case because it does not require a determination whether actual decision can be inferred." 18B Wright & Miller, Fed. Prac. & Proc. Juris. § 4478 (2d ed. 2016). "If the analysis used to dispose of an issue before the court controls disposition of an issue that was not considered, however, the law of the case established by the analysis may control disposition of the new issue." *Id.*

Thus, the Ninth Circuit has established as the law of this case that the trial court did not fail to establish a factual basis for the plea. Moreover, because any claim of ineffective assistance of counsel related to the factual basis would require a finding that there was no factual basis finding, the Ninth Circuit's decision also precludes the related claim of ineffective assistance. Thus, this Court is precluded by the law of the case from considering each of Movant's grounds for relief.

In Ground One, Movant argues that he received ineffective assistance of trial counsel based on lack of factual basis on the § 924(c) charge. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Therefore, to find such ineffectiveness, this Court would have to reject the Ninth Circuit's determination that

9

there was a sufficient factual basis. The law of the case precludes such a rejection.

Similarly, in Ground Two, Movant argues that he received ineffective assistance of trial counsel at sentencing based on the lack of factual basis on § 924(c). Again, this would require rejection of the Ninth Circuit's decision.

In Ground Three, Movant argues that appellate counsel was ineffective for failing to challenge the lack of factual basis on § 924(c). This claim similarly cannot be reached.

A finally, in Ground Four, Movant argues that trial counsel was ineffective for advising him to plead guilty in light of the lack of a factual basis for the § 924(c) charge. Movant does not assert that the facts stated in the factual basis did not exist, merely that they did not rise to a violation of § 924(c). Again, this claim would require this Court to reject the Ninth Circuit's determination that the factual basis established a violation of 924(c).

Accordingly, all of Petitioner's claims are founded upon an argument that the Ninth Circuit has rejected, and which the law of the case precludes this Court from revisiting. Accordingly, the Motion must be denied.

## C. **OTHER DEFENSES**

In light of the determination that consideration of Movant's claims is precluded from consideration under the law of the case, the undersigned does not reach Movant's defenses based on the waiver of rights to bring the instant motion, or Movant's retort that the plea and waiver were not knowingly entered because of the ineffectiveness raised in the grounds for relief or because of the purported conflict of interest in advising Movant to make a waiver of claims of ineffective assistance.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits in light of the law of the case. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be denied.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed January 11, 2016 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.    EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 29, 2016

16-0073r RR 16 07 20 on HC.docx

James F. Metcalf
United States Magistrate Judge