WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Raul Ortiz-Tarazon, Sr., | No. CV-16-00073-PHX-JAT |
| Movant/Defendant, | CR-12-00877-01-PHX-JAT |
| v. | **ORDER** |
| USA, | |
| Respondent/Plaintiff. | |

Pending before the Court is Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Motion be denied. (Doc. 13). Movant filed objections to the R&R. (Doc. 14). The Government filed a response to Movant's objections. (Doc. 17).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner objects to the overall conclusion of the R&R, the Court will review the R&R de novo.

In his criminal case, Movant pled guilty. (Doc. 13 at 4-5). Following sentencing, Movant appealed. (*Id.* at 5). In his appeal, Movant argued that his plea was invalid because it did not have a sufficient factual basis. (*Id*. at 7-8). The Ninth Circuit Court of

Appeals found Movant's waiver of his right to appeal was valid, thereby implicitly rejecting Movant's argument that his plea as a whole was invalid under Rule 11. (*Id*. at 9).

In his § 2255 Motion, Movant recasts the same challenge he presented to the Ninth Circuit Court of Appeals as an ineffective assistance of counsel claim. (*Id*. at 9-10). Specifically, Movant argues that his trial counsel and appellate counsel were ineffective for not making the Rule-11-invalid-plea argument.[1] (*Id*. at 9-10). The R&R concludes that, because the Court of Appeals rejected the merits of Movant's argument, both counsel were not ineffective for not making a meritless argument. (*Id*. at 9). Further, the R&R concludes that this Court cannot reconsider the Court of Appeals' merits decision because it is the law of the case. (*Id.* at 9-10).

Movant objects to the R&R and argues that the Magistrate Judge is mistaken that the Ninth Circuit Court of Appeals issued a merits decision because the Ninth Circuit Court of Appeals relied on the waiver in Movant's plea agreement to dismiss his appeal. Doc. 14 at 7. Thus, Movant concludes that by applying the waiver, the Ninth Circuit Court of Appeals did not consider the merits of Movant's Rule 11 claim. *Id*. The Government replies and argues the R&R is correct. Doc. 17 at 2.

Specifically, the R&R notes:

> [T]he longstanding law of the Ninth Circuit is that a waiver is invalid if Rule 11 is not complied with. "An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

(Doc. 13 at 8-9). The R&R notes that Movant's argument that his plea lacks a factual basis is based on Federal Rule of Criminal Procedure 11(b)(3). (*Id.* at 9). The Government notes that Movant specifically argued Rule 11(b)(3) to the Court of Appeals.

---

[1] Movant's appellate counsel filed an *Anders* brief; thus, Movant made the Rule 11 argument pro se on appeal. Doc. 13 at 5.

(Doc. 17 at 2 (citing Doc 10-1, Ex. A at 3)).  The Ninth Circuit has held that a waiver of the right to appeal (such as the one enforced against Movant) is only enforceable if the requirements of Rule 11 were met.  *See United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999).

Based on the foregoing, this Court agrees with the R&R that, although the Ninth Circuit Court of Appeals did not expressly hold that Movant's plea complied with Rule 11, the Court of Appeals must have made that finding to have found Movant's waiver enforceable.[2]  Thus, based on the Court of Appeals decision, a finding that Rule 11 was met is the law of the case.  Further, counsel could not have been ineffective for failing to raise a meritless Rule 11 argument.

Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted; the objections (Doc. 14) are overruled; the motion is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.  (*See* Doc. 13 at 11-12).

**IT IS FURTHER ORDERED** that the Court has read Movant's procedurally inappropriate motion to supplement; even if the Court allowed the supplement, none of the arguments in the supplement would change the outcome of this case, therefore, the motion (Doc. 18) is denied.

Dated this 13th day of February, 2017.

_____
James A. Teilborg
Senior United States District Judge

---

[2] Specifically, the Court of Appeals stated, "Because the record discloses no arguable issue as to the validity of the appeal waiver, we dismiss the appeal."  CR 12-877, Doc. 907-1 at 2.

- 3 -